**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KENDALE GORDON** | **CIVIL ACTION** |
| **VERSUS** | **NO:    22-5297** |
| **CITY OF NEW ORLEANS, et al** | **SECTION: "P" (4)** |

## ORDER

Before the Court is Plaintiff's **Motion to Appoint and Substitute Attorney Representatives for Deceased Defendants (R. Doc. 80).** No Opposition to the Motion was filed.

This litigation arises from the alleged wrongful conviction of Plaintiff Kendale Gordon in 2010. R. Doc. 1 at 1-2. Plaintiff alleges that he was framed for the 2009 murder of Patrice Comadore when he was nineteen years old, and that he was not released until 2021, when forensic testing of evidence collected at the crime scene proved his innocence. *Id*.

On December 15, 2022, Plaintiff filed suit against the City of New Orleans, eighteen New Orleans Police Department ("NOPD") Officers, seven NOPD sergeants and lieutenants who supervised the NOPD Officers, and their respective Insurers. R. Doc. 1 at 1-2. Plaintiff alleged that the Defendants had conspired among themselves, fabricated evidence connecting Plaintiff to the shooting, coerced an eyewitness to falsely implicate him, and withheld exculpatory evidence. *Id*.

Pursuant to these allegations, Plaintiff raised claims for Due Process violations, deprivation of liberty and illegal detention, failure to intervene, and conspiracy under 42 U.S.C. § 1983. R. Doc. 1 at 21-25. Plaintiff also raised state law claims of malicious prosecution, intentional infliction of emotional distress, civil conspiracy, vicarious liability, indemnification against the City of New Orleans, and liability under La. R.S. § 22:1269 against the Defendants' Insurers. *Id*. at 25-29. As relief, Plaintiff sought compensatory damages, punitive damages, pre and post judgment interest, and an award of attorneys' fees and costs. *Id*. at 29.

In the subject Motion, Plaintiff asserts that three Defendant NOPD Officers died before the Complaint was filed: Gregory Hamilton, Tyrone Robinson, and LaSalle Rattler. R. Doc. 80 at 1. Plaintiff alleges that these three deceased Defendants do not have any pending or closed succession proceedings. R. Doc. 80-1 at 2. Plaintiff further alleges that Defendant Jason McGee, another deceased Defendant NOPD Officer, has a pending open succession with Rachel Michelle McGee as the duly appointed succession representative and Frank Granger as the attorney of record. *Id*. Plaintiff requests that the Court: (1) appoint counsel on behalf of the three deceased Defendants without an open or closed succession proceeding; (2) substitute the court-appointed counsel "in place of" the deceased Defendants; and (3) substitute Frank Granger, as the attorney of record for the pending succession proceedings of deceased Defendant Jason McGee, "in place of" Jason McGee as a Defendant in this matter. R. Doc. 80 at 1.

Put more simply, Plaintiff requests that the Court appoint counsel on behalf of deceased Defendants who were not served with Plaintiff's Complaint prior to their death and have no estate from which Plaintiff could recover damages. Plaintiff then requests that the Court substitute this attorney, who has absolutely no stake in this litigation, as a Defendant in this matter. This would make the attorney liable for the conduct of deceased individuals they never met and had nothing to do with. Plaintiff also requests that the Court substitute the attorney of record for the pending succession proceedings of a deceased Defendant, who similarly died before the Plaintiff ever filed this lawsuit, as a culpable Defendant in this matter.

Plaintiff alleges that where a party has died but the underlying claim is not extinguished, the court may order substitution of a proper party, including the decedent's successor or representative. R. Doc. 80-1 at 2. Citing FED. R. CIV. P. 25(a)(1). However, Plaintiff acknowledges that Rule 25 of the Federal Rules of Civil Procedure, which governs substitution of parties, does

2

not allow substitution of a deceased defendant who death occurred before the plaintiff filed their complaint. *Id*. *See Chaisson v. State Farm Fire and Casualty Company*, No. 23-2551, 2024 WL 4271555, at *3 (E.D. La. Sept. 23, 2024) (Guidry, G.) (finding that Rule 25 is inapplicable "when the deceased party predeceased the initiation of the litigation", because Rule 25 only contemplates substitution of individuals who were properly made a party before their death). Plaintiff contends that under 42 U.S.C. § 1988, a federal court should look to state law where federal law does not provide a suitable remedy, so long as such state statutes are not inconsistent with the Constitution or federal law. *Id*.

In this case, Plaintiff alleges that the Court should apply La. C.C.P. art. 5091, which provides that the state court shall appoint an attorney at law to represent the defendant when "[i]t has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is deceased and no succession has been appointed." R. Doc. 80-1 at 3. Plaintiff alleges that "[a]n analogous procedure is routinely followed by courts in sister circuits[.]" *Id*. However, Plaintiff only cites to supporting caselaw from the Northern District of Illinois exclusively. *Id*.

Notably, Plaintiff failed to provide any Fifth Circuit jurisprudence showing La. C.C.P. art. 5091 applied by a federal court to appoint counsel for deceased defendants without an open or closed succession proceeding. Instead, Plaintiff cites to *Deliphonse v. U.S. Fire. Ins. Co.,* a case from the Middle District of Louisiana in which the court granted a motion to substitute an attorney, in her capacity as the legal representative of the estate of a deceased defendant, "in place of" the deceased defendant. No. 18-39, 2019 U.S. Dist. LEXIS 9179, at *6-7 (M.D. La. Jan. 18, 2019). However, this case is inapplicable because unlike the deceased Defendants in the subject Motion, the deceased defendant in *Deliphonse* died several months after the plaintiff filed their complaint and had filed several responsive pleadings prior to their death. No. 18-39 at *6-7. The court

therefore granted the plaintiff's request to substitute pursuant to Rule 25 and did not reach a decision as to whether La. C.C.P. art. 5091 was applicable to the plaintiff's request. *Id*.

In *Ware v. Daybrooke Fisheries, Inc.*, the Court was asked to apply La. C.C.P. art. 5091 to appoint an attorney on behalf of a purportedly absent defendant in litigation arising from the alleged battery of the plaintiff by a coworker during work hours. No. 14-2229, 2015 WL 7296654, at *1-3 (E.D. La. Nov. 18, 2015) (Wilkinson, M.J.). The Court denied the request, finding that the Federal Rules of Civil Procedure did not contain any provision for appointment of counsel under such circumstances and that they "kn[e]w of no reason why Louisiana procedural law, outside of the Rule 69 context, might apply in this federal court." *Ware*, No. 14-2229 at *2.

As noted by the Court in *Ware*, La. C.C.P. art. 5091 is Louisiana state procedural law, not substantive law. No. 14-2229 at *2. In this case, Plaintiff has raised § 1983 claims pursuant to the Court's federal question jurisdiction and state law claims pursuant to the Court's supplemental jurisdiction. R. Doc. 1 at 3-4. Fifth Circuit jurisprudence provides that the Court must apply federal procedural law and federal substantive law for claims proceeding under the Court's federal question jurisdiction. *See Aforigho v. Tape Products Company*, No. 19-1178, 2020 WL 4369501, at *3 (S.D. Tex. Jul. 15, 2020) (Edison, M.J.) (holding that the movant in a motion to dismiss had erroneously conflated state and federal law, and that only federal substantive and procedural law governed analysis of claims brought pursuant to the court's federal question jurisdiction).

For state-law claims proceeding under the Court's supplemental jurisdiction, the Court applies federal procedural law and state substantive law. *See e.g. Thompson v. Wells Fargo Bank, N.A.*, No. 15-598, 2016 WL 164114, at *2 (S.D. Tex. Jan. 14, 2016) (Rosenthal, L.) (applying Texas substantive law and federal procedural law to the plaintiffs' state-law claims pursuant to the court's supplemental jurisdiction). Therefore, federal procedural law unquestionably governs this

matter and the Federal Rules of Civil Procedure do not provide a procedure for substitution of a proper party where the individual died before the complaint was filed. *See* FED. R. CIV. P. 25(a)(1).

Furthermore, Plaintiff's cited jurisprudence from the Northern District of Illinois is not binding on this Court and has faced significant negative treatment. For example, Plaintiff cites to *Deleon-Reyes v. Guevara*, in which the court was asked to appoint a special representative for two deceased defendant police officers in a § 1983 case. No. 18-2312, 2019 WL 1200348, at *1-3 (N.D. Ill. Mar. 14, 2019) (Wood, A.). The court in *Deleon-Reyes* reasoned that under Seventh Circuit jurisprudence and Illinois state law, a court may appoint a special representative for a deceased defendant where the complaint is filed within the statute of limitations of the action, no estate has been opened for the deceased defendant, and notice was sent to the deceased defendant's heirs or representatives. No. 18-2312 at *2-3. Although the motion was construed as a request "to appoint and substitute a special representative", the court only granted the request to appoint a special representative for the deceased defendants. *Id*. This is distinct from the present matter, in which the Plaintiff requests that the court appoint counsel on behalf of defendants without an estate and then be substituted as Defendants in this matter.

Furthermore, in *Ezell v. City of Chicago*, the court distinguished the finding of *Deleon-Reyes* and affirmed denial of a similar motion to appoint counsel on behalf of deceased defendants with no open or closed succession proceedings. No. 18-1049, 2020 WL 533729, at *2 (N.D. Ill. Feb. 3, 2020) (Cole, M.J.). In the opinion, the court held that granting such a request is nonsensical, because "why name a non-existent, closed estate as defendant when you knew it was non-existent and closed?" No. 18-1049 at *2.

The Court agrees that appointing counsel for a deceased Defendant with no open succession proceeding is a misuse of judicial resources and improper under the Federal Rules of

Civil Procedure. *Ware*, No. 14-2229 at *2. The Court therefore denies Plaintiff's request to appoint counsel for deceased Defendants Gregory Hamilton, Tyrone Robinson, and LaSalle Rattler.

Regarding deceased Plaintiff's request to substitute Frank Granger in place of Jason McGee as a Defendant in this matter, federal procedural law governs this matter and Federal Rules of Civil Procedure do not contemplate substitution of a deceased defendant where their death occurred prior to the filing of the complaint. *Ware*, No. 14-2229 at *2. Accordingly, the Court denies Plaintiff's request to substitute Frank Granger in place of Jason McGee as a Defendant in this matter.

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Appoint and Substitute Attorney Representatives for Deceased Defendants (R. Doc. 80)** is **DENIED.**

New Orleans, Louisiana, this 27<u>th</u> day of January 2025.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**